PER CURIAM.
Mark Johnson appeals the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
Appellant’s 3.850 motion was accompanied by the affidavit of a codefendant who entered a plea and testified at trial. The affidavit states that the affiant’s trial testimony “was colored and was inaccurate.” The affidavit does not state what the affiant’s testimony was, nor does the affidavit explain what were the inaccuracies. The affidavit is much too conclusory to call for an evidentiary hearing. See Williamson v. Dugger, 651 So.2d 84, 89 (Fla.1994) (affidavits insufficient to require an evidentiary hearing); Johnson v. Singletary, 647 So.2d 106, 110 (1994) (“The crucial question is whether the contents of the affidavits are of such a nature that they would probably produce an acquittal on retrial.”); Jones v. State, 591 So.2d 911, 915-16 (Fla.1991) (In order to provide relief, newly discovered evidence must be such that it would have probably resulted in an acquittal had it been introduced at trial). Our affir-mance on this point is without prejudice to appellant to refile the motion and offer a particularized affidavit.
Appellant’s claim of error in the jury instructions is an issue which is cognizable by direct appeal, not by motion for postconviction relief. As to appellant’s final point, during the pendency of this appeal the trial court complied with this court’s mandate in *949 Johnson v. Singletary, 625 So.2d 1251 (Fla. 3d DCA 1993). That issue is now moot.
Affirmed.