721 So.2d 792 (1998)
Michael MIDDLETON, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2906.
District Court of Appeal of Florida, Third District.
December 9, 1998.
*793 Michael Middleton, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
Michael Middleton appeals the denial of his motion for postconviction relief, whereby he challenges his sentence as a habitual offender. We affirm.
According to defendant-appellant Middleton's motion, the offense for which defendant was habitualized occurred May 24, 1994. Defendant acknowledges that the State established that defendant was convicted of a qualifying offense within the previous five years, based on felony convictions entered November 30, 1992. See § 775.084(1)(a)2., Fla. Stat. (1993). Defendant acknowledges having another prior felony conviction, in circuit court case number 83-12144. However, defendant argues that the 1983 case cannot be used as a predicate felony because defendant was released from prison on July 15, 1987, more than five years before the 1994 crime. Defendant contends that the 1983 case must be disregarded.
Defendant is in error. The habitual offender statute "requires only that a defendant's last prior felony [or release from imprisonment]... be within five years of the date of the current felony offense." Clark v. State, 681 So.2d 816 (Fla. 5th DCA 1996); see § 775.084(1)(a)2., Fla. Stat. (1993). Thus, only one of the qualifying offenses must have been committed (or the defendant released) within five years of the current offense. The other qualifying offense (or release) can be more than five years from the current offense. It follows that the 1983 case was properly counted as a predicate offense. The trial court correctly denied the motion for postconviction relief.
Affirmed.