739 So.2d 1210 (1999)
Carlos Livian WOODSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-430.
District Court of Appeal of Florida, Third District.
August 4, 1999.
*1211 Bennett H. Brummer, Public Defender and Frank P. Triola, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Christine E. Zahralban, Assistant Attorney General, for appellee.
Before COPE, LEVY, and GREEN, JJ.
PER CURIAM.
Carlos Livian Woodson appeals his convictions and sentences for burglary with an assault or battery therein while armed and two counts of sexual battery committed with a deadly weapon or force and raises three issues.
He first claims that the trial court erred when it failed to conduct a Nelson[1] hearing pursuant to his court-appointed counsel's motion to withdraw during the trial. Specifically, during the course of the trial, Woodson's attorney apprized the court that Woodson "wasn't happy with the way things were going." Woodson's general and unspecified dissatisfaction with the course of the trial, however, was insufficient to have triggered a Nelson inquiry by the court as to whether his counsel was rendering effective assistance. See Davis v. State, 703 So.2d 1055, 1058 (Fla. 1997); Branch v. State, 685 So.2d 1250, 1252 (Fla.1996); Merelus v. State, 24 Fla. L. Weekly D1313, 735 So.2d 552 (Fla. 3d DCA 1999). Consequently, we affirm on this issue, but our affirmance is without prejudice for Woodson to seek any appropriate relief pursuant to rule 3.850, Florida Rules of Criminal Procedure.
Woodson next argues that the trial court abused its discretion when it denied his request to redepose the state's DNA expert for a third time to elicit information concerning protocol and procedure of DNA evidence and the adequacy of the statistical data bank matters which had not been addressed in the prior depositions. It is axiomatic, of course, that matters related to granting or limiting discovery rests within the sound discretion of the trial judge. See State v. Kuntsman, 643 So.2d 1172, 1173 (Fla. 3d DCA 1994); Gray v. State, 640 So.2d 186, 191 (Fla. 1st DCA 1994). In this case, given the fact that the state agreed to supply the defense with all documentation detailing the procedures and protocol in obtaining DNA evidence prior to trial, as well as the fact that Woodson's counsel was able to utilize such information to extensively cross-examine the state's DNA expert during the trial about whether the prescribed protocol and procedures were utilized, we cannot conclude that the trial court's refusal to allow the state's expert to be deposed for a third time was an abuse of discretion or prejudicial in this case.
Finally, Woodson maintains that the state's information in this case was invalid because it was not based upon sworn statements made by material witnesses as required by rule 3.140 Florida Rules of Criminal Procedure. We find, however, that this issue was not preserved for appellate review, where it was not raised in a pretrial motion to dismiss or by objection. Ray v. State, 403 So.2d 956, 961 n. 8 (Fla.1981); Tucker v. State, 417 So.2d 1006, 1009 (Fla. 3d DCA 1982); Haselden v. State, 386 So.2d 624, 624 (Fla. 4th DCA 1980).
*1212 For the foregoing reasons, we affirm the convictions and sentences, but do so without prejudice for Woodson to seek any appropriate relief pursuant to rule 3.850, Florida Rules of Criminal Procedure.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).