971 So.2d 813 (2007)
Gregory PONTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-634.
District Court of Appeal of Florida, Third District.
September 19, 2007.
Rehearing Denied October 17, 2007.
Gregory Ponton, in proper person.
Bill McCollum, Attorney General, for appellee.
*814 Before GERSTEN, C.J., and FLETCHER and SUAREZ, JJ.
SUAREZ, J.
Gregory Ponton seeks to reverse a final order denying a petition for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Ponton was convicted in 1997 after a jury trial for several counts of burglary with assault/battery while armed, armed robbery, aggravated assault with a firearm, aggravated battery, attempted kidnapping, armed burglary, and attempted robbery. He was sentenced as a habitual violent felony offender to three consecutive life sentences, with three concurrent fifteen-year mandatory minimum sentences. Ponton filed a direct appeal and this court affirmed his convictions and sentences. Ponton v. State, 744 So.2d 1009 (Fla. 3d DCA 1999). Ponton appealed this decision to the Florida Supreme Court, which dismissed the petition. Ponton v. State, 761 So.2d 330 (Fla.2000). While his appeal was pending in the Florida Supreme Court, Ponton filed his first post-conviction relief motion with the trial court, which dismissed it without prejudice pending resolution of the direct appeal, and Ponton appealed that decision to the Third District. This Court affirmed the trial court's dismissal. Ponton v. State, 756 So.2d 1018 (Fla. 3d DCA 2000). Ponton has since filed four additional post-conviction motions, three of which raised identical issues; the fourth petition raised new issues, but the trial court denied the petition and this Court affirmed.
Ponton files this current petition pursuant to Florida Rule of Criminal Procedure 3.850. As an initial matter, he is out of time for filing a petition under this rule and Ponton provides no legal exceptions that would overcome that procedural bar. See Fla. R.Crim. P. 3.850(b). Further, each of the seven claims Ponton raises in this petition is an assertion of trial court error and an attack on his conviction. Ponton does not assert ineffective assistance of trial counsel. These claims of judicial error could have and should have been raised on direct appeal and are therefore procedurally barred. See Robinson v. State, 913 So.2d 514, 524 n. 9 (Fla.2005) (holding that a claim of trial court error is procedurally barred on a post-conviction appeal because it should have been raised on direct appeal).
Because the issues Ponton has raised in his petition are issues that he had every chance to raise on direct appeal or in a timely post-conviction relief motion, and because he is outside of the two-year window of Rule 3.850, Ponton is now foreclosed from relief.
Affirmed.