994 So.2d 376 (2008)
Larry James BARBER, Appellant/Petitioner,
v.
The STATE of Florida, Appellee/Respondent.
No. 3D08-1275.
District Court of Appeal of Florida, Third District.
October 8, 2008.
Rehearing Denied November 26, 2008.
Larry James Barber, in proper person.
*377 Bill McCollum, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee/respondent.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
SHEPHERD, J.
On May 21, 2008, Appellant, Larry James Barber, filed a Petition for Writ of Certiorari with this Court. On June 6, 2008, we ordered Barber to show cause why he should not be prohibited from filing further pro se pleadings with this Court concerning his convictions and sentences stemming from lower tribunal case number 81-24230. After carefully considering Barber's response to this Court's show cause order, see State v. Spencer, 751 So.2d 47 (Fla.1999), and having reviewed the State's response and the record, we now prohibit Barber from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.

I. Facts
Barber originally was charged with armed robbery and sexual battery. On May 7, 1982, he was found guilty as charged and was sentenced to life in prison with a special provision that he serve a three-year minimum mandatory term before being eligible for parole. We affirmed the conviction on direct appeal. Barber v. State, 438 So.2d 976 (Fla. 3d DCA 1983).
This petition for writ of certiorari is Barber's twentieth petition or motion for postconviction relief to reach this Court stemming from lower tribunal number 81-24230.[1] In the present petition, Barber contends the trial court erred by failing to properly instruct the jury on all necessary lesser included crimes. We find no merit in this latest petition.

II. Frivolous Appeals by Prisoners
"We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations." Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005); Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Lewis v. Casey, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions."). As this Court stated in Lanier v. State, 983 So.2d 658, 660 (Fla. 3d DCA 2008), Hicks v. State, 974 So.2d 1116, 1118 (Fla. 3d DCA 2008), and Minor v. State, 963 So.2d 797, 799 (Fla. 3d DCA 2007), "there comes a point where enough is enough." Based upon careful review of Barber's filings in this Court, we believe he has reached that point.

III. Conclusion
For the foregoing reasons, we deny Barber's Petition for Writ of Certiorari. We further direct the Clerk of the Third District Court of Appeal to refuse to accept *378 for filing in this Court any further appeals, pleadings, motions, petitions, or other papers relating to Barber's conviction and sentence in lower court case number 81-24230, unless they are filed by a Florida Bar member in good standing. Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Barber pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2007). See Pettway v. McNeil, 987 So.2d 20 (Fla. 2008).
Petition denied.
NOTES
[1] See Barber v. State, 985 So.2d 542 (Fla. 3d DCA 2008) (table); Barber v. State, 985 So.2d 542 (Fla. 3d DCA 2008) (table); Barber v. State, 979 So.2d 1029 (Fla. 3d DCA 2008) (table); Barber v. State, 963 So.2d 240 (Fla. 3d DCA 2007) (table); Barber v. State, 936 So.2d 577 (Fla. 3d DCA 2006) (table); Barber v. State, 926 So.2d 1286 (Fla. 3d DCA 2006) (table); Barber v. State, 838 So.2d 1162 (Fla. 3d DCA 2002) (table); Barber v. State, 801 So.2d 938 (Fla. 3d DCA 2001) (table); Barber v. Moore, 748 So.2d 278 (Fla. 3d DCA 1999) (table); Barber v. State, 717 So.2d 1021 (Fla. 3d DCA 1998) (table); Barber v. State, 668 So.2d 618 (Fla. 3d DCA 1996) (table); see also Case Nos. 3D08-1275; 3D98-3184; 3D98-184; 3D95-2888; 3D94-1053; 3D92-1424; 3D90-163; 3D89-2622; and 3D88-781.