SHEPHERD, J.
On April 19, 2012, Appellant, Michael Middleton, filed an appeal from a court order denying his Florida Rule of Criminal Procedure 3.800 motion. On June 6, 2012, we ordered Middleton to show cause why he should not be prohibited from filing further pro se appeals or petitions with this court concerning his convictions and sentences arising from lower tribunal number 93-10171. After a careful review of Middleton’s response to the order, his Motion to Correct Illegal sentence, the State’s response below, and the numerous previous appeals, we now prohibit Middleton from filing any further pro se appeals, *387 motions, or petitions with this court relating to his convictions and sentences.
I. Facts
In July of 1994, Michael Middleton was convicted of two counts of burglary of a dwelling. Because of his prior felony convictions, he received' enhanced sentences as a habitual offender and was sentenced to thirty years in prison on each count, to run consecutively. Among Middleton’s convictions were two counts of burglary in 1992, one count of burglary in 1990, and one count of sexual battery in 1983.
Since 1994, Middleton has filed and appealed nineteen motions for post-conviction relief and two petitions for writ of habeas.[1] In the current appeal, Middleton argues his illegal sentence must be corrected because the trial court relied on predicate convictions from 1983 and 1992, which violates the single-subject rule.
While it is true Middleton was convicted of and sentenced for several additional felonies after being sentenced in lower tribunal case number 93-010171, it is clear he already had been convicted of at least two felonies prior to that date, with at least one of those faffing within five years’ time of the current conviction, as required by statute to classify a person as a habitual offender. This court already addressed this issue in Middleton v. State, 721 So.2d 792 (Fla. 3d DCA 1998) (holding that the 1983 and 1992 convictions were counted properly as predicate offenses).
Additionally, contrary to Middleton’s assertion, he was not sentenced under the statutory amendments declared in violation of the single subject rule. In State v. Johnson, 616 So.2d 1, 4 (Fla.1993), the Florida Supreme Court stated: “[W]e conclude that chapter 91-44’s biennial reenactment of chapter 89-280, effective May 2,1991, cured the single subject violation as it applied to all defendants sentenced under section 775.084 whose offenses were committed after that date.” Middleton was sentenced in 1994, well after any violation in the statute had been cured. We therefore find no merit in the motion to correct sentence, and affirm the lower court.
II. Frivolous Appeals by Prisoners
“We recognize that incarcerated persons should and do have a full panoply *388 of procedural vehicles with which to challenge the lawfulness of their incarcerations.” Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005); Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Lewis v. Casey, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (“Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions.”). As this court stated in Lanier v. State, 983 So.2d 658, 660 (Fla. 3d DCA 2008), Hicks v. State, 974 So.2d 1116, 1118 (Fla. 3d DCA 2008), and Minor v. State, 963 So.2d 797, 799 (Fla. 3d DCA 2007), “there comes a point where enough is enough.” Based upon careful review of Middleton’s filings in this court, we believe he has reached that point.
III. Conclusion
For the foregoing reasons, we affirm the trial court’s denial of Middleton’s Rule 3.800 motion. We further direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court any further appeals, pleadings, motions, petitions, or other papers relating to Middleton’s conviction and sentence in lower court case number 93-10171, unless they are filed by a Florida Bar member in good standing.
Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Middleton, pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2010). See Pettway v. McNeil, 987 So.2d 20 (Fla.2008).

. See Middleton v. State, 46 So.3d 1011 (Fla. 3d DCA 2010) (table) (affirming denial of Rule 3.800 motion); Middleton v. State, 19 So.3d 321 (Fla. 3d DCA 2009) (table) (affirming denial of motion to compel); Middleton v. State, 971 So.2d 123 (Fla. 3d DCA 2007) (table) (affirming denial of Rule 3.800 motion); Middleton v. State, 947 So.2d 1177 (Fla. 3d DCA 2007) (table) (affirming denial of Rule 3.800 motion); Middleton v. State, 915 So.2d 1219 (Fla. 3d DCA 2005) (table) (affirming denial of Rule 3.800 motion); Middleton v. State, 901 So.2d 134 (Fla. 3d DCA 2005) (affirming denial of Rule 3.800 motion); Middleton v. State, 900 So.2d 770 (Fla. 3d DCA 2005) (affirming denial of Rule 3.800 motion); Middleton v. State, 890 So.2d 1252 (Fla. 3d DCA 2005) (affirming denial of Rule 3.800 motion); Middleton v. State, 879 So.2d 634 (Fla. 3d DCA 2004) (table) (affirming denial of Rule 3.800 motion); Middleton v. State, 844 So.2d 807 (Fla. 3d DCA 2003) (affirming without prejudice denial of Rule 3.800 motion); Middleton v. State, 806 So.2d 488 (Fla. 3d DCA 2001) (table) (denying petition for writ of habeas); 798 So.2d 742 (Fla. 3d DCA 2001) (table) (affirming denial of Rule 3.800 motion); Middleton v. State, 725 So.2d 1128 (Fla. 3d DCA 1998) (table) (affirming denial of Rule 3.800 motion); Middleton v. State, 721 So.2d 792 (Fla. 3d DCA 1998) (affirming denial of Rule 3.800 motion); Middleton v. State, 705 So.2d 16 (Fla. 3d DCA 1998) (affirming denial of Rule 3.800 motion); Middleton v. Singletary, 708 So.2d 280 (Fla. 3d DCA 1998) (denying petition for writ of habeas); Middleton v. State, 687 So.2d 248 (Fla. 3d DCA 1997) (table) (affirming denial of Rule 3.850 motion); Middleton v. State, 660 So.2d 5 (Fla. 3d DCA 1995) (affirming denial of Rule 3.800 motion).