WELLS, Chief Judge.
In Edwards v. State, 96 So.3d 900, 2012 WL 3031521 (Fla. 3d DCA 2012) (table), this court affirmed the denial of Edwards’ most recent pro se filing with this court concerning his conviction and sentence imposed in lower tribunal number 94-21946. That same day this court ordered Edwards to show cause why he should not be precluded from filing further pro se appeals, petitions, or motions in this court regarding the conviction and sentence imposed in this case.
As this court has stated:
“We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations.” Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005); Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Lewis v. Casey, 518 U.S. 343, 353 n. 3,116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (“Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions.”). As this Court stated in Lanier v. State, 983 So.2d 658, 660 (Fla. 3d DCA 2008), Hicks v. State, 974 So.2d 1116, 1118 (Fla. 3d DCA 2008), and Minor v. State, 963 So.2d 797, 799 (Fla. 3d DCA 2007), “there comes a point where enough is enough.”
Barber v. State, 994 So.2d 376, 377 (Fla. 3d DCA 2008).
After carefully considering Edwards’ response to this court’s show cause order, see State v. Spencer, 751 So.2d 47 (Fla.1999), and this court’s independent review of the many pro se filings made by Edwards in this court arising out of lower tribunal case number 94-21946,[1] we conclude that Edwards has reached the point where enough is enough. We therefore direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court any further appeals, pleadings, motions, petitions or other papers relating to Edwards’ conviction and sentence in lower tribunal number 94-21946, unless they are filed and signed by a member of the Florida Bar in good standing.

. Edwards v. State, 88 So.3d 167 (Fla. 3d DCA 2012) (table); Edwards v. State, 86 So.3d 1129 (Fla. 3d DCA 2012) (table); Edwards v. State, 73 So.3d 772 (Fla. 3d DCA 2011) (table); Edwards v. State, 63 So.3d 771 (Fla.2011) 3D 11-1236 (Fla. 3d DCA Mar. 7, 2012); Edwards v. State, 63 So.3d 771 (Fla. 3d DCA 2011) (table); Edwards v. State, 56 So.3d 778 (Fla. 3d DCA 2011) (table); Edwards v. State, 32 So.3d 632 (Fla. 3d DCA 2010) (table); Edwards v. State, 29 So.3d 306 (Fla. 3d DCA 2010) (table); Edwards v. State, 23 So.3d 122 (Fla. 3d DCA 2009) (table); Edwards v. State, 963 So.2d 241 (Fla. 3d DCA 2007); Edwards v. State, 955 So.2d 579 (Fla. 3d DCA 2007) (table); Edwards v. State, 915 So.2d 1217 (Fla. 3d DCA 2005) (table); Edwards v. State, 883 So.2d 807 (Fla. 3d DCA 2004) (table).