EMAS, J.
Carlo Woodson filed a petition for writ of habeas corpus, contending that this Court’s 1999 affirmance of the direct appeal of his conviction and sentence constitutes manifest injustice. See Woodson v. State, 739 So.2d 1210 (Fla. 3d DCA 1999). Ordinarily, we would simply deny or dismiss this petition without further comment. However, having reviewed and considered Woodson’s litigation history in this Court, further action is warranted.
*223 In his 1999 direct appeal, Woodson contended the charging document was invalid because it was not based upon a sworn statement of a material witness as required by Florida Rule of Criminal Procedure 3.140. We determined that this issue was not properly preserved by an objection or a motion to dismiss filed in the trial court. Id. at 1211. The Florida Supreme Court denied review. Woodson v. State, 749 So.2d 505 (Fla.1999).
Woodson cites no change in circumstances or caselaw in the intervening thirteen years to permit the filing of the instant petition. More to the point, between the time of the first appeal in which this claim was raised, and the instant petition, Woodson has filed no less than fifteen appeals or original proceedings with this Court. A review of those files reveals that, in at least eight of those fifteen eases,[1] Woodson raised and argued the precise claim decided on the merits, and adversely to him, in 1999.
This is now the ninth time Wood-son has collaterally raised the same claim before this Court. In doing so, Woodson has engaged in the filing of meritless, frivolous and successive claims, continuing to seek relief from this Court on the very same claim notwithstanding repeated adverse determinations. Woodson’s actions have caused this Court to expend precious and finite judicial resources which could otherwise be devoted to cases involving legitimate claims. Hedrick v. State, 6 So.3d 688, 691 (Fla. 4th DCA 2009) (noting “[a] legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.”).
While we acknowledge that pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts, that right is not unfettered. Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford counsel, the courts must strike a balance between the pro se litigant’s right to participate in the judicial process and the courts’ authority to protect the judicial process from abuse. The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding. State v. Spencer, 751 So.2d 47 (Fla.1999). As our sister court aptly stated, we have arrived at the point where “enough is enough.” Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).[2]
The defendant, Carlo Woodson, is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his convictions, judgments and sentences in Miami-Dade circuit court case number 96-5158. Absent a showing of good cause, we intend to direct the Clerk of the Third District Court of Appeal to refuse to accept any *224 such papers relating to this circuit court case number unless it has been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.
Additionally, and absent a showing of good cause, any such further unauthorized pro se filings by Woodson will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2012).
Petition dismissed.

. Woodson v. State, 95 So.3d 238 (Fla. 3d DCA 2012); Woodson v. State, 90 So.3d 296 (Fla. 3d DCA 2012); Woodson v. State, 76 So.3d 308 (Fla. 3d DCA 2011); Woodson v. State, 67 So.3d 218 (Fla. 3d DCA 2011); Woodson v. State, 35 So.3d 35 (Fla. 3d DCA 2010); Woodson v. State, 993 So.2d 533 (Fla. 3d DCA 2008); Woodson v. State, 972 So.2d 196 (Fla. 3d DCA 2007); Woodson v. State, 917 So.2d 878 (Fla. 3d DCA 2005).

. Though not credited in the Isley opinion, it is likely this axiom is derived from Popeye (the sailor man) who, under dissimilar circumstances, occasionally proclaimed: "That’s all I can stands, 'cause I can’t stands no more.” See http://www.youtube.com/watch? v=EdAB_B9Cs.