ON ORDER TO SHOW CAUSE

SHEPHERD, C.J.
On March 14, 2013, Petitioner, Gary Lee Williams, filed a “Petition for Writ of Ha-beas Corpus Alleging Ineffective Assistance of Appellate Counsel” with this court. On April 4, 2013, we denied Williams’ petition and ordered him to show cause why he should not be prohibited from filing further pro se pleadings with this court concerning his February 1990 conviction and sentence arising from lower tribunal case number 88-33341. After carefully considering Williams’ response to this court’s show cause order, see State v. Spencer, 751 So.2d 47 (Fla.1999), and having reviewed the record, we now prohibit Williams from filing any additional pro se appeals, pleadings, motions, or petitions relating to these convictions and sentences.

*1115
FACTS

In May 1989, Williams was indicted for Count I, first-degree murder; Count II, attempted first-degree murder; and Count III, unlawful possession of a firearm while engaged in a criminal offense. After a jury trial, Williams was convicted of Counts I and III and was sentenced to life imprisonment with a minimum mandatory term of twenty-five years for the first-degree murder conviction. This court affirmed the convictions and sentences on direct appeal. Williams v. State, 591 So.2d 319 (Fla. 3d DCA 1991).
Since 1990, Williams has filed numerous petitions or motions for postconviction relief stemming from lower tribunal case number 88-33341.[1] In the current appeal, Williams argues his appellate counsel was ineffective for failing to “discover fundamental error in instructing the jury on manslaughter -without ... defining the terms excusable or justifiable homicide, which, if raised in [the] merits brief, would have resulted in a new trial.” In his response to this court’s show cause order, Williams acknowledges “the claim submitted here is successive,” but contends, “frivolous it is not[.]” We disagree. Were the facts as Williams would have us believe, there indeed might be merit to his argument. However, they are not. After careful review of the exhaustive filings by Williams, and after thorough review of the case law, we disagree with Williams’ view that this latest proceeding is not frivolous. In fact, of the multiple cases Williams has filed with this court, none have been found to be meritorious.

FRIVOLOUS APPEALS BY PRISONERS

“We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations.” Edwards v. State, 96 So.3d 1154, 1155 (Fla. 3d DCA 2012) (quoting Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005)). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Villalobos v. State, 96 So.3d 970, 971 (Fla. 3d DCA 2012). As this court stated in Edwards v. State, 96 So.3d 1154, 1155 (Fla. 3d DCA 2012), and Middleton v. State, 95 *1116 So.3d 385, 388 (Fla. 3d DCA 2012), “there comes a point where enough is enough.” Based upon careful review of Williams’ filings in this court, we believe he has reached that point.

CONCLUSION

We direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court all further appeals, pleadings, motions, petitions, or other papers to Williams’ convictions and sentences in lower tribunal case number 88-33341, unless they are filed by a Florida Bar member in good standing.
Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Williams, pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2010). See Pettway v. McNeil, 987 So.2d 20 (Fla.2008).

. See Williams v. State, 93 So.3d 1040 (Fla. 3d DCA 2012) (denying motion for rehearing); Williams v. State, 49 So.3d 255 (Fla. 3d DCA 2010) (table) (affirming denial of motion for postconviction relief); Williams v. State, 41 So.3d 910 (Fla. 3d DCA 2010) (table) (denying petition for writ of habeas corpus alleging ineffective assistance of counsel); Williams v. State, 19 So.3d 325 (Fla. 3d DCA 2009) (table) (affirming denial of motion for postconviction relief); Williams v. McNeil, 993 So.2d 533 (Fla. 3d DCA 2008) (table) (denying motion for reconsideration and petition for writ of habeas corpus); Williams v. State, 981 So.2d 1215 (Fla. 3d DCA 2008) (table) (affirming denial of motion for postconviction relief); Williams v. McDonough, 965 So.2d 141 (Fla. 3d DCA 2007) (table) (denying motion for rehearing en banc); Williams v. McDonough, 942 So.2d 889 (Fla. 3d DCA 2006) (table) (denying petition for writ of habeas corpus); Williams v. State, 941 So.2d 445 (Fla. 3d DCA 2006) (affirming denial of motion for postconviction relief); Williams v. State, 925 So.2d 427 (Fla. 3d DCA 2006) (denying motion for rehearing); Williams v. Crosby, 888 So.2d 42 (Fla. 3d DCA 2004) (table) (denying petition for writ of habeas corpus); Williams v. State, 840 So.2d 251 (Fla. 3d DCA 2003) (table) (affirming denial of motion for postconviction relief); Williams v. State, 795 So.2d 72 (Fla. 3d DCA 2001) (table) (affirming denial of motion for postconviction relief); Williams v. State, 768 So.2d 460 (Fla. 3d DCA 2000) (table) (affirming denial of motion for post-conviction relief); Williams v. State, 727 So.2d 937 (Fla. 3d DCA 1998) (table) (affirming denial of motion for postconviction relief); Williams v. Singletary, 665 So.2d 230 (Fla. 3d DCA 1995) (table) (affirming denial of petition for writ of habeas corpus); Williams v. Singletary, 599 So.2d 673 (table) (affirming denial of petition for writ of habeas corpus).