ON ORDER TO SHOW CAUSE

SHEPHERD, C.J.
On March 20, 2013, Katracy Dawson filed a Petition For Writ of Habeas Corpus. Subsequently, we ordered Dawson to show cause why we should not prohibit him from filing further pro se pleadings with this court regarding the conviction and sentence imposed on him in lower tribunal number F97-32589. After carefully considering Dawson’s response to this court’s show cause order and reviewing the record, we are compelled to prohibit Dawson from filing any additional pro se appeals, pleadings, motions, or petitions that concern these convictions and sentences. See State v. Spencer, 751 So.2d 47 (Fla.1999).
I. Facts
Dawson was sentenced to life imprisonment after being convicted of two counts of attempted first-degree murder of a law enforcement officer. Dawson since has filed over fifteen meritless petitions or motions for post-conviction relief arising from lower tribunal case number F97-32589.[1]
In his current petition, Dawson argues two grounds entitle him to habeas corpus review. First, Dawson contends the information and jury instruction’s use of the conjunction “and/or” constitute fundamental error, when the use of that conjunction was set between the victims’ names. The defendant, however, concedes he “discharge[d] two shots at [the] offi *65 cers” and that he later discharged another shot “at them.” Consequently, even if the conjunction “and/or” made the jury instructions defective in some way, under the totality of the circumstances, such error does not reach down into the validity of the trial because Dawson’s concession provides overwhelming evidence he attempted to murder either Officer McCue, Officer Goldberg, or both. See Croom v. State, 36 So.3d 707, 710-11 (Fla. 1st DCA 2010) (holding use of “and/or” between the names of the victims did not constitute fundamental error when overwhelming evidence demonstrates the defendant’s guilt); see also Wilson v. State, 933 So.2d 598, 599-600 (Fla. 3d DCA 2006) (explaining the “and/or” conjunction in no way prejudiced the defendant when the conjunction is placed between the names of two officers who the defendant resisted during an arrest).
Second, Dawson asserts the jury instruction was defective because it did not possess an essential element, i.e., that the defendant knew the victim was a law enforcement officer. Dawson is correct that attempted first-degree murder against a law enforcement officer requires the element of knowledge. See Thompson v. State, 695 So.2d 691, 692 (Fla.1997). However, such a claim of judicial error is procedurally barred if not raised on direct appeal. See Robinson v. State, 913 So.2d 514, 524 n. 9 (Fla.2005); see also Ponton v. State, 971 So.2d 813, 814 (Fla. 3d DCA 2007). Accordingly, this claim is procedurally barred.[2] Like previous petitions and motions, we conclude Dawson’s current petition is wholly frivolous.
II. Frivolous Appeals by Prisoners
As we have stated before, “incarcerated persons have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations.” Edwards v. State, 96 So.3d 1154, 1155 (Fla. 3d DCA 2012) (quoting Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005)). Because there is “no constitutional right to file a frivolous lawsuit,” frivolous post conviction motions and petitions are not among an incarcerated person’s procedural vehicles. See Hepburn, 934 So.2d at 517-18; see also Lewis v. Casey, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (“Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions.”). Indeed, there comes a point when enough is enough. After careful review of Dawson’s filings in this court, we believe that Dawson has reached that point.
III. Conclusion
We, therefore, deny Dawson’s Petition for Writ of Habeas Corpus on the merits. We further direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court any further appeals, pleadings, motions, petitions, or other papers relating to Dawson’s conviction and sentence in lower court case number F97-32589 unless they are filed by a Florida Bar member in good standing.
In addition, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Dawson pursuant to Florida Statutes Sections 944.279(1) and 944.28(2)(a). See Pettway v. McNeil, 987 So.2d 20 (Fla.2008).

. Dawson v. State, 50 So.3d 612 (Fla. 3d DCA 2010); Dawson v. State, 19 So.3d 318 (Fla. 3d DCA 2009); Dawson v. State, 9 So.3d 628 (Fla. 3d DCA 2009); Dawson v. State, 7 So.3d 1110 (Fla. 3d DCA 2009); Dawson v. State, 3 So.3d 333 (Fla. 3d DCA 2009); Dawson v. State, 995 So.2d 501 (Fla. 3d DCA 2008); Dawson v. State, 986 So.2d 612 (Fla. 3d DCA 2008); Dawson v. State, 980 So.2d 1209 (Fla. 3d DCA 2008); Dawson v. State, 974 So.2d 1076 (Fla. 3d DCA 2008); Dawson v. State, 937 So.2d 671 (Fla. 3d DCA 2006); Dawson v. State, 933 So.2d 533 (Fla. 3d DCA 2006); Dawson v. State, 861 So.2d 38 (Fla. 3d DCA 2003); Dawson v. State, 848 So.2d 325 (Fla. 3d DCA 2003); Dawson v. State, 825 So.2d 1080 (Fla. 3d DCA 2002); Dawson v. State, 819 So.2d 775 (Fla. 3d DCA 2002); State v. Dawson, 766 So.2d 1109 (Fla. 3d DCA 2000); Dawson v. State, 743 So.2d 522 (Fla. 3d DCA 1999).

. Additionally, even if this claim were asserted pursuant to Florida Rule of Criminal Procedure 3.850, it is time barred. See Ponton, 971 So.2d at 814.