# Third District Court of Appeal

**State of Florida**

Opinion filed July 23, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3184
Lower Tribunal No. 3-28869B

_____

**Carlos Javier Montesinos,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Dava J. Tunis, Judge.

Carlos Javier Montesinos, in proper person.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before SUAREZ, ROTHENBERG and SCALES, JJ.

SCALES, J.

On December 17, 2013, Carlos Javier Montesinos filed a Notice of Appeal from an order denying his motion to correct illegal sentence. On May 14, 2014, we affirmed the trial court's order and ordered Montesinos to show cause why he should not be prohibited from filing further pro se pleadings with this court concerning his May 2006 conviction and sentence arising from lower tribunal case number 03-28869B. See Montesinos v. State, 39 Fla. L. Weekly D999 (Fla. 3d DCA May 14, 2014). Having carefully reviewed Montesinos' response to this court's show cause order, and having reviewed the record, we now prohibit Montesinos from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.

## I.    Facts

In May 2006, a judgment was entered against Montesinos for attempted felony murder, robbery with a deadly weapon, and burglary with an assault or battery. Montesinos was adjudicated a prison release reoffender and was sentenced to a term of natural life. This court affirmed the convictions and sentence on direct appeal. Montesinos v. State, 972 So. 2d 193 (Fla. 3d DCA 2007) (table).

Since 2006, Montesinos has filed numerous petitions or motions for postconviction relief stemming from lower tribunal case number 03-28869B.[1] In

_____

[1] See Montesinos v. State, No. 3D12-2873 (Fla. 3d DCA May 1, 2013) (table) (affirming denial of motion for postconviction relief); Montesinos v. State, 77 So.

2

this latest appeal, Montensinos contends the trial court erred in denying his motion to correct illegal sentence and subsequent motion for rehearing. In response to our show cause order, Montesinos argues it "would be fundamentally unfair to procedurally bar a defendant because of his inability to articulate his unlawful treatment."

## II.     Analysis

We recognize pro se pleadings should be construed liberally. See Tillman v. State, 287 So. 2d 693, 694 (Fla. 2d DCA 1973). And, while we agree Montesinos is entitled to a "genuine and adequate opportunity" to exercise his constitutional right of access to the courts, Woodson v. State, 100 So. 3d 222, 223 (Fla. 3d DCA 2012), we disagree with Montesinos that there remain disputed facts that must be determined via evidentiary hearing. Rather, after careful review of the exhaustive filings by Montesinos and his response to our show cause order, we conclude good cause has not been shown.

---

3d 726 (Fla. 3d DCA 2011) (reversing summary denial of motion for postconviction relief for determination on merits); Montesinos v. State, 53 So. 3d 1099 (Fla. 3d DCA 2011) (affirming denial of motions for postconviction relief in Case Numbers 3D10-655, 3D10-656, and 3D10-657); Montesinos v. State, 38 So. 3d 149 (Fla. 3d DCA 2010) (table) (denying, on the merits, petition for writ of prohibition); Montesinos v. State, 38 So. 3d 149 (Fla. 3d DCA 2010) (table) (affirming denial of motion for postconviction relief); Montesinos v. State, 17 So. 3d 299 (Fla. 3d DCA 2009) (table) (affirming denial of motion for production of State's file); Montesinos v. State, 998 So. 2d 617 (Fla. 3d DCA 2008) (table) (denying petition for writ of habeas corpus); Montesinos v. State, 972 So. 2d 193 (Fla. 3d DCA 2007) (table) (affirming judgment and sentence).

"[I]ncarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations." Williams v. State, 121 So. 3d 1114, 1115 (Fla. 3d DCA 2013) (quoting Edwards v. State, 96 So. 3d 1154, 1155 (Fla. 3d DCA 2012). Prisoners do not, however, enjoy a constitutional right to file frivolous lawsuits. Williams, 121 So. 2d at 1115; Hepburn v. State, 934 So. 2d 515, 517-18 (Fla. 3d DCA 2005). Montesinos has reached the point where "enough is enough." Edwards v. State, 96 So. 3d at 1155 (citations omitted).

### III.  Conclusion

We direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court any further appeals, pleadings, motions, petitions, or other papers related to Montesinos' convictions and sentences in lower tribunal case number 03-28869B, unless they are filed by a Florida Bar member in good standing.

Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Montesinos, pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2013), in the event Montesinos attempts to file, pro se, any such

4

appeal, pleading, motion, petition, or other paper in violation of this order.  <u>See</u>

<u>Pettway v. McNeil</u>, 987 So. 2d 20 (Fla. 2008).