# Third District Court of Appeal

**State of Florida**

Opinion filed February 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1800
Lower Tribunal No. 96-5158
_____

**Carlo Woodson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlo Woodson, in proper person.

Pamela Jo Bondi, Attorney General, and Brent J. Kelleher, Assistant Attorney General, for appellee.

Before ROTHENBERG, LAGOA and SCALES, JJ.

PER CURIAM.

Carlo a/k/a Carlos Woodson appeals an order of the Miami-Dade Circuit Court denying Woodson's motion for post-conviction relief pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm the trial court's order, and issue an order to show cause as described below.

Woodson is serving a 45-year prison sentence after a 1996 conviction of one count of armed burglary and two counts of armed sexual battery. This Court affirmed his conviction on direct appeal in Woodson v. State, 739 So. 2d 1210 (Fla. 3d DCA 1999).

In 2012, after Woodson had filed fifteen post-conviction appeals, petitions or motions with this Court, including nine on the same grounds, this Court issued an order to show cause why Woodson "should not be prohibited from filing any further pro se appeals, pleadings motions, or petitions relating to his convictions, judgments and sentences in Miami-Dade circuit court case number 96-5158." Woodson v. State, 100 So. 3d 222, 223 (Fla. 3d DCA 2012).[1][2]

---

[1] Woodson has repeatedly alleged, and alleges here for the tenth time, that the State's charging document was not based on a properly sworn statement by the material witness; and consequently, the trial court did not have subject matter jurisdiction for Woodson's trial and conviction. In both Woodson, 739 So. 2d at 1211, and Woodson, 100 So. 3d at 223, this Court concluded that this issue of an invalid charging document was not preserved for appellate review. The order on appeal in the instant case, however, addresses the substance of this issue. (This order on appeal is dated May 15, 2015; an order denying Woodson's motion for re-hearing is dated July 1, 2015.) In its order, the trial court finds no merit to Woodson's allegation, describing it as built on a "fallacious pyramid" of inferences, and deconstructing that pyramid stone by stone.

On December 5, 2012, Woodson filed in this Court a "Petitioner's Response to Court Order to Show Cause." This Court did not address Woodson's response to, or discharge, the order to show cause. Woodson then proceeded to file three more appeals or petitions to this Court, for a total of eighteen filings, including the instant appeal.[3]

ORDER TO SHOW CAUSE

Woodson is hereby directed to show cause, within forty-five days from the date of this order, why he should not be prohibited from filing any further pro se appeals, motions, or other proceedings related to his criminal sentencing in circuit court case number 96-5158.[4]

If Woodson does not demonstrate good cause, any further and unauthorized pro se filings by Woodson will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

---

[2] This Court's 2012 opinion, which responds to Woodson's ninth claim on the same grounds, lists the eight previous cases in which Woodson raised the same issue he raises in the instant case. Woodson v. State, 100 So. 3d at 224 n.1.

[3] In 2014, this Court denied Woodson's petition for belated appeal in Woodson v. State, 163 So. 3d 1214 (Fla. 3d DCA 2014) (Table); and in 2015, this Court affirmed a trial court order that denied a rule 3.850 motion in Woodson v. State, 166 So. 3d 795 (Fla. 3d DCA 2015).

[4] We observe that Woodson's 2012 response to this Court's order to show cause presented no new information or argument.

Affirmed. Order to show cause issued.