# Third District Court of Appeal

**State of Florida**

Opinion filed March 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1800
Lower Tribunal No. 96-5158
_____

**Carlo Woodson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlo Woodson, in proper person.

Pamela Jo Bondi, Attorney General, and Brent J. Kelleher, Assistant Attorney General, for appellee.

Before ROTHENBERG, LAGOA and SCALES, JJ.

PER CURIAM.

On February 3, 2016, this Court issued an opinion affirming an order of the Miami-Dade Circuit Court, which had denied Carlo a/k/a Carlos Woodson's motion for post-conviction relief under rule 3.850 of the Florida Rules of Criminal Procedure. Our opinion contained an order to show cause why Woodson should not be prohibited from filing with this Court any further pro se appeals, petitions, motions or other proceedings related to his criminal conviction in lower tribunal case number 96-5158.

Woodson responded on February 12, 2016, by filing with this Court a written response to the order to show cause. In his response, Woodson raises again his allegation that the State's 1996 charging document was not based on sworn testimony by a material witness; however, Woodson re-focuses his argument by asserting a flaw in this Court's decision on direct appeal. Woodson asserts that this Court erred in concluding that the issue of the alleged invalidity of the charging document was not preserved for appellate review. Woodson v. State, 730 So. 2d 1210, 1211 (Fla. 3d DCA 1999).[1]

In support of his allegation, Woodson presents to this Court the circuit court docket sheet from his criminal case. This docket sheet does not provide such support. As the trial court demonstrated in its May 15, 2015 Order Denying

---

[1] The Florida Supreme Court denied review in Woodson v. State, 749 So. 2d 505 (Fla. 1999) (Table). Thus, the argument in Woodson's response is not only untimely, but is precluded by *res judicata.*

Defendant's Motion for Post-Conviction Relief, Woodson is attempting to construct an argument on rebuttable inferences rather than on proof.

Woodson's response raises no new information or argument for our consideration. Accordingly, we conclude that Woodson has not shown good cause to justify further pro se filings of appeals, petitions, motions or other proceedings with this Court.

We are obligated to balance Woodson's pro se right of access to courts with this Court's need to devote finite resources to legitimate appeals. We recognize the seriousness of the sanction when the litigant is a criminal defendant. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1990). After an order to show cause and an opportunity to respond, a court may prevent such further filings in the absence of a showing of good cause. Id.

It is hereby ordered that the Clerk of the Court of the Third District Court of Appeal shall refuse further filings from Woodson related to lower tribunal case number 96-5158.; provided, however, that filings related to case number 96-5158 may be accepted by the Clerk if such filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.

Any further and unauthorized pro se filings by Woodson will subject him to sanctions, including the issuance of written findings forwarded to the Florida

Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes.

Order issued.