# Third District Court of Appeal

## State of Florida

Opinion filed November 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1188
Lower Tribunal No. 00-15843
_____

**Taronn Kenard Brown,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Taronn Kenard Brown, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SHEPHERD, LAGOA and EMAS, JJ.

ON ORDER TO SHOW CAUSE

SHEPHERD, J.

On May 19, 2016, Taronn Kenard Brown filed an appeal from the trial court's March 4, 2016, Order Denying Defendant's Successive Motion for Postconviction Relief and Order Prohibiting Defendant from Filing Any Further Pro Se Proceedings. On September 12, 2016, we dismissed the appeal as duplicative of a prior appeal, and we ordered Mr. Brown to show cause why this court should not prohibit him from submitting further pro se appeals, petition or motions regarding lower tribunal case number F00-15843. Mr. Brown did not comply with this order, and, after careful review of the record and in consideration of the prior appeals by Mr. Brown, we are compelled to prohibit Mr. Brown from filing any additional pro se appeals, petitions or motions that concern his conviction and sentence in Case No. F00-15843, unless such pleadings are signed by an attorney who is a duly licensed member of The Florida Bar in good standing.

Since his conviction of second degree murder in Case No. 00-15843, Mr. Brown has filed numerous motions and appeals, many raising claims of newly discovered evidence, which have been denied, including in this court case numbers 3D04-673, 3D06-539, 3D06-701, 3D06-703, 3D06-2592, 3D09-1697, 3D09-1906, 3D10-1843, 3D14-1470, 3D14-2837, 3D15-1237, and 3D16-865. As we have stated before, although "'incarcerated persons have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations,' . . . frivolous post conviction motions and petitions are not among an incarcerated

2

person's procedural vehicles." <u>Dawson v. State</u>, 121 So. 3d 63, 65 (Fla. 3d DCA 2013) (quoting <u>Edwards v. State</u>, 96 So. 3d 1154, 1155 (Fla. 3d DCA 2012)). "The right to proceed pro se will be forfeited where a party abuses the judicial process by continued filing of 'successive motions which have been heard, considered, rejected and then raised again.'" <u>Jimenez v. State</u>, 196 So. 3d 499, 501 (Fla. 3d DCA 2016) (quoting <u>Concepcion v. State</u>, 944 So. 2d 1069, 1072 (Fla. 3d DCA 2006)). We conclude Mr. Brown has forfeited his right to further pro se filings.

Accordingly, we direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court any further appeals, petitions or motions relating to Mr. Brown's conviction and sentence in Case No. F00-15843, unless they are filed by a Florida Bar member in good standing.