# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1224
Lower Tribunal No. F08-41705
_____

**Tommie McClenney Jr.,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Tommie McClenney Jr., in proper person.

James Uthmeier, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for respondent.

Before MILLER, GORDO, and LOBREE, JJ.

PER CURIAM.

Dismissed. See Johnson v. Singletary, 647 So. 2d 106, 109 (Fla. 1994) ("Successive habeas corpus petitions seeking the same relief are not permitted nor can new claims be raised in a second petition when the circumstances upon which they are based were known or should have been known at the time the prior petition was filed."); Dawson v. State, 121 So. 3d 63, 65 (Fla. 3d DCA 2013) ("Dawson asserts the jury instruction was defective . . . . However, such a claim of judicial error is procedurally barred if not raised on direct appeal.") (citation omitted); Johnson v. State, 649 So. 2d 948, 948 (Fla. 3d DCA 1995) ("Appellant's claim of error in the jury instructions is an issue which is cognizable by direct appeal, not by motion for postconviction relief."); Beiro v. State, 289 So. 3d 511, 511 (Fla. 3d DCA 2019) ("Although Beiro acknowledges that the instant petition is both successive and untimely, he contends that these procedural bars should be relaxed to correct a manifest injustice. Beiro is incorrect. The mere incantation of the words 'manifest injustice' does not make it so.").