DAUKSCH, Judge,
dissenting.
I respectfully dissent.
The question on appeal is whether sentencing points should be scored against appellant because of penetration of the penis into the anus in a sexual battery case. While I agree that penetration occurs when the penis is put into the anus, I disagree that this appellant should be assessed the points because in this case it was the victim who inserted his penis into the anus of the appellant. Thus, appellant committed no act of penetration which warranted scoring extra points for a greater sentence. Under section 921.001(7), Florida Statutes (1991), those points are classified as “severe injury,” as is indeed proper, but this penetration was not done on the victim so the injury obviously contemplated by the legislature did not occur here. If the argument is to be made that the legislature did not designate “who .penetrates whom,” and therefore *22 penetration by either violates the statute, then the statute is vague or ambiguous. The benefit of that doubt must go to the accused. See Thompson v. State, 695 So.2d 691 (Fla. 1997); Chicone v. State, 684 So.2d 736 (Fla. 1996).