[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11941
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 15, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:07-cv-00161-MSS-KRS


ALFONSO JOSE ALZAMORA,

                                                    Petitioner - Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                                    Respondents - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 15, 2012)

Before TJOFLAT and BARKETT, Circuit Judges, and SMOAK,* District Judge.

_____

* Honorable Richard Smoak, United States District Judge for the Northern District of
Florida, sitting by designation.

PER CURIAM:

Alfonso Jose Alzamora appeals the district court's dismissal of his petition for habeas relief, filed pursuant to 28 U.S.C. § 2254, and argues that the district court erred when it determined that the Florida Supreme Court's decision upholding his conviction did not involve an unreasonable application of Supreme Court precedent under AEDPA. Specifically, the district court granted Alzamora a certificate of appealability on whether due process requires the retroactive application of the Florida Supreme Court's decision in *Thompson v. State*, 695 So.2d 691 (Fla. 1997), which held that knowledge of a victim's status as a police officer was a necessary element of the offense of attempted murder of a police officer in Florida, of which Alzamora was convicted. Alzamora argues that the state court's failure to apply *Thompson* retroactively is an unreasonable application of the United States Supreme Court's decision in *Fiore v. White*, 121 S.Ct. 712 (2001), which involved a similar issue of whether a state court's interpretation of its own statute to require an additional element of proof should apply retroactively.

I. Standard of review under AEDPA

Under 28 U.S.C. § 2254(d), a federal court cannot grant habeas relief from a

2

state court judgment unless the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Powell v. Allen*, 602 F.3d 1263, 1268-69 (11th Cir. 2010), *cert. denied,* (U.S. Jan. 18, 2011) (No. 10-7039). This Court reviews *de novo* the district court's decision about whether the state court acted contrary to or unreasonably applied clearly established federal law, or made an unreasonable determination of fact, but this Court owes deference to the state court's final habeas judgment. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir.), *cert. denied,* 131 S.Ct. 177 (2010).

## II. Discussion

Alzamora argues that at his trial he was entitled to a jury instruction explaining that knowledge of the victim's status as a law enforcement officer was an essential element of the crime charged. We need not reach this question because we conclude that the failure to give this instruction, under the facts of this case, constituted harmless error, and, therefore, he is not entitled to relief from this Court. *See*, *e.g.*, *Neder v. United States*, 527 U.S. 1, 15 (1999) ("The omission of an element from the jury instructions is subject to harmless-error analysis."); *see*

3

*also Agan v. Vaughn*, 119 F.3d 1538, 1545 (11th Cir. 1997) ("A defendant's right to due process is not violated unless an erroneous instruction, when viewed in light of the entire trial, was so misleading as to make the trial unfair."). We look to the trial record to determine whether the trial judge's failure to instruct the jury as to the knowledge element of attempted felony-murder of a police officer rendered the trial unfair.

That record reflects overwhelming evidence that Alzamora knew that the victim was a police officer. The victim, Detective Ron Johnson testified at trial that he was a member of the arrest team during the sting operation to arrest Alzamora. He testified that when he approached Alzamora's car from the driver's side, he was wearing "a black flap jacket which looks like a ski jacket with the word 'police' on the front and back." This jacket was admitted as evidence, and Agent Johnson put it on to show the jurors. Agent Johnson further testified that Alzamora looked at him while the "takedown" was in progress, and that when he opened Alzamora's car door, he was yelling "police." At this point Alzamora started his car, dragging Detective Johnson to the ground. The door or another part of the car hit Johnson in the head, injuring him severely.

Likewise, Officer Lanferseik, another member of the sting operation, testified that as Detective Johnson approached Alzamora's car from the side, he

4

heard Johnson shout, "Police! You're under arrest!" while he attempted to open Alzamora's car door. Agent Johnson and Agent Lanferseik both testified that Agent Johnson and other agents were yelling "police" and "policia" during the incident. A government informant who was also at the scene testified that he heard the agents shout "police." Further, Agent Johnson stated that it was his practice to yell the word "police" while doing this type of "takedown."

Based on these facts, we conclude that the weight of the evidence shows that the jury would likely have found that Alzamora knew his victim was a police officer at the time of the offense. The failure to so instruct was therefore harmless error, and Alzamora is not entitled to relief.

**AFFIRMED.**