# Supreme Court of Florida

_____

No. SC13-456

_____

IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2013-02.

[APRIL 24, 2014]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee's proposed changes affect the following criminal jury

instructions: 6.2, Attempted First-Degree Murder; 6.3, Attempted Felony Murder;

6.3(a), Attempted Felony Murder—Injury Caused by Another; 6.4, Attempted

Second-Degree Murder; 7.2, First-Degree Murder; and 7.4, Second-Degree

Murder.

Following publication of its proposals in the Florida Bar News, the

Committee received comments, revised some of the proposals, and filed its report

with this Court.  The Court published the Committee's revised proposals in the

Florida Bar News and received comments.  Having considered the Committee's

report and the comments filed, we authorize the amended standard jury instructions

for publication and use as proposed.

In all six instructions, language is added for determining whether the

homicide or attempted homicide victim was a law enforcement officer, correctional

officer, or correctional probation officer engaged in the lawful performance of a

legal duty as provided by section 782.065, Florida Statutes (2013).  The statute

provides for mandatory sentences of life imprisonment in such cases.  The new

language sets forth definitions and criteria for the jury to consider in deciding

whether the State has proven the required sentencing factors beyond a reasonable

doubt.  The amendments to these instructions also include a comment in which the

Committee discusses the issue of what knowledge is required on the part of the

defendant to apply the mandatory sentencing provision.

In the instructions on first- and second-degree murder (instructions 7.2 and

7.4) and attempted first- and second-degree murder (instructions 6.2 and 6.4),

language is added to instruct the jury on the common law defense of "heat of

passion upon a sudden provocation" when it is applicable.  Under Florida law, this

defense can be asserted in certain circumstances, but presently there are no

standard instructions addressing it.  The instructions provide that if the jury finds

the defense of "heat of passion upon sudden provocation" proven, it should acquit the defendant of the crime charged. Also, since the "heat of passion" defense, if proven, negates the element of premeditation in the case of first-degree murder and negates the element of depraved mind in the case of second-degree murder, when the court finds there is evidence to support the defense, the jury is instructed that the State has the burden of disproving the "heat of passion" defense beyond a reasonable doubt.

In instructions 6.2, 6.4, 7.2, and 7.4, the tables of lesser-included offenses are amended to correct the terminology, add relevant information, and rearrange the information consistent with current Committee practices.

In instruction 6.3, Attempted Felony Murder, and instruction 6.3(a), Attempted Felony Murder—Injury Caused by Another, a note is added advising the judge to read instruction 3.12(d), Legally Interlocking Counts, when a defendant is charged with both attempted felony murder and the underlying felony or attempted felony in a separate count. New tables of lesser-included offenses are added for these instructions.

We authorize the amended instructions, as set forth in the appendix to this opinion, for publication and use.[1] New language is indicated by underlining and

---

1. The amendments as reflected in the appendix are to the instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor

deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Honorable Joseph Anthony Bulone, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida, and Bart Schneider, Senior Attorney, Office of State Court Administrator, Tallahassee, Florida,

for Petitioner

---

discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Norman Adam Tebrugge of Tebrugge Legal, Bradenton, Florida; Karen Marcia Gottliebb, Coconut Grove, Florida; and Sonya Rudenstine, Gainesville, Florida,

Responding with Comments on behalf of The Florida Association of Criminal Defense Lawyers

## 6.2 ATTEMPTED MURDER — FIRST DEGREE
### (PREMEDITATED)
§§ 782.04(1)(a) and 777.04, Fla. Stat.

**To prove the crime of Attempted First Degree Premeditated Murder, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **did some act intended to cause the death of** (victim) **that went beyond just thinking or talking about it**.

2.  (Defendant) **acted with a premeditated design to kill** (victim)**.**

3.  **The act would have resulted in the death of** (victim) **except that someone prevented** (defendant) **from killing** (victim) **or [he] [she] failed to do so.**

*Definition.*
**A premeditated design to kill means that there was a conscious decision to kill. The decision must be present in the mind at the time the act was committed. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the act. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the act was committed.**

**The question of premeditation is a question of fact to be determined by you from the evidence. It will be sufficient proof of premeditation if the circumstances of the attempted killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the attempted killing.**

**It is not an attempt to commit first degree premeditated murder if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.**

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*

**An issue in this case is whether** (defendant) **did not act with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not act with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation:**

a. **there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and**

b. **a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and**

c. **there was not a reasonable amount of time for a reasonable person to cool off; and**

d. **a reasonable person would not have cooled off before committing the act that constituted the attempt to cause death; and**

e. **the** (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that constituted the attempt to cause the death of** (victim)**.**

**If you have a reasonable doubt about whether the defendant acted with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of Attempted First Degree Murder.**

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
**If you find the defendant guilty of Attempted First Degree Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions. § 943.10, Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of**

**crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.**

**"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.**

**"Part-time correctional officer"** means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

**"Auxiliary law enforcement officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

**"Auxiliary correctional officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.

**Lesser Included Offenses**

| ATTEMPTED FIRST DEGREE (PREMEDITATED) MURDER — 782.04(1) and 777.04 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Attempted second degree (depraved mind) murder | | 782.04(2) and 777.04 | 6.4 |
| Attempted ~~voluntary~~ manslaughter by act | | 782.07 and 777.04 | 6.6 |
| | Aggravated ~~assault~~ battery | ~~784.021~~ 784.045 | ~~8.2~~ 8.4 |
| | ~~Aggravated~~ Felony battery | ~~784.045~~ 784.041(1) | ~~8.4~~ 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | ~~Assault~~ Battery | ~~784.011~~ 784.03 | ~~8.1~~ 8.3 |
| | ~~Battery~~ Assault | ~~784.03~~ 784.011 | ~~8.3~~ 8.1 |

**Comment**

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

This instruction was adopted in 1994 [636 So. 2d 502] and amended in 2014.

# 6.3 ATTEMPTED FELONY MURDER
## [ENUMERATED FELONY] [NON-ENUMERATED FELONY]
§ 782.051(1) and (2), Fla. Stat.

**To prove the crime of Attempted Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **[committed] [attempted to commit] a** (crime alleged).

2.  **While engaged in the [commission] [attempted commission] [escape from the immediate scene] of** (crime alleged)**, the defendant [committed] [aided or abetted] an intentional act that is not an essential element of** (crime alleged)**.**

3.  **This intentional act could have but did not cause the death of** (victim)**.**

(Crime alleged) **is defined by Florida law as** (define the crime)**.**

**In order to convict** (defendant) **the defendant of Attempted Felony Murder, it is not necessary for the State to prove that [he] [she] had a premeditated design or intent to kill.**

*If the underlying felony or attempted felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give as applicable.*
**If you find the defendant guilty of Attempted Felony Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*

**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.**

**"Part-time law enforcement officer"** means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

**"Part-time correctional officer"** means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

**"Auxiliary law enforcement officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

**"Auxiliary correctional officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.

**Lesser Included Offenses**

~~No lesser included offenses have been identified for this offense.~~

| 6.3 ATTEMPTED FELONY MURDER [ENUMERATED FELONY] [NON-ENUMERATED FELONY] § 782.051(1) and (2), Fla. Stat. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Attempted Manslaughter By Act | | 782.07 & 777.04 | 6.6 |
| | Aggravated Battery | 784.045 | 8.4 |
| | Felony Battery | 784.041(1) | 8.5 |

| | Aggravated Assault | 784.021 | 8.2 |
|---|---|---|---|
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comment**

Section 782.051(1), Fla. Stat., applies where the defendant is alleged to have committed or attempted to commit a felony enumerated in section 782.04(3). Section 782.051(2), Fla. Stat., applies where the defendant is alleged to have committed or attempted to commit a felony not enumerated in section 782.04(3), Fla. Stat.

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2014. *See Battle v. State*, 911 So. 2d 85 (Fla. 2005).

## 6.3(a) ATTEMPTED FELONY MURDER — INJURY CAUSED BY ANOTHER
§ 782.051(3) Fla. Stat.

**To prove the crime of Attempted Felony Murder, the State must prove the following two elements beyond a reasonable doubt:**
1.  (Defendant) **[committed] [attempted to commit] a** (crime alleged)**.**

2.  (Victim) **was injured during the [commission] [attempted commission] of an escape from the immediate scene of the** (crime alleged) **by an individual other than the person(s) [committing] [attempting to commit] [escaping from the immediate scene of] the** (crime alleged)**.**

(Crime alleged) **is defined by Florida law as** (define the crime)**.**

**In order to convict the defendant of attempted felony murder, it is not necessary for the state to prove that the defendant had a premeditated design or intent to kill.**

*If the underlying felony or attempted felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So.2d 218 (Fla. 2007).*

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give as applicable.*
**If you find the defendant guilty of Attempted Felony Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make**

**arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.**

**"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.**

**"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.**

**"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.**

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

| 6.3(a) ATTEMPTED FELONY MURDER – INJURY CAUSED BY ANOTHER § 782.051(3) Fla. Stat. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| None | | | |
| | Attempted Manslaughter by Act | 782.07 & 777.04 | 6.6 |

### Comment

Section 782.051(3), Fla. Stat., applies only where the defendant was committing or attempting to commit a felony enumerated in section 782.04(3).

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v.*

*State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2014.

# 6.4 ATTEMPTED SECOND DEGREE MURDER
§§ 782.04(2) and 777.04, Fla._Stat.

To prove the crime of **Attempted Second Degree Murder, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **intentionally committed an act which would have resulted in the death of** (victim) **except that someone prevented** (defendant) **from killing** (victim) **or [he] [she] failed to do so.**

2.  **The act was imminently dangerous to another and demonstrating a depraved mind without regard for human life.**

*Definitions*
An **"act" includes a series of related actions arising from and performed pursuant to a single design or purpose.**

An act is **"imminently dangerous to another and demonstrating a depraved mind"** if it is an act or series of acts that:

1. **a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and**

2. **is done from ill will, hatred, spite, or an evil intent, and**

3. **is of such a nature that the act itself indicates an indifference to human life.**

In order to convict <u>the defendant</u> of **Attempted Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.**

**It is not an attempt to commit second degree murder if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.**

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*

**An issue in this case is whether** (defendant) **did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation:**

   a. **there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and**

   b. **a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and**

   c. **there was not a reasonable amount of time for a reasonable person to cool off; and**

   d. **a reasonable person would not have cooled off before committing the act that would have resulted in death; and**

   e. **the** (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that would have resulted in the death of** (victim)**.**

**If you have a reasonable doubt about whether the defendant had a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of Attempted Second Degree Murder.**

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
**If you find the defendant guilty of Attempted Second Degree Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political**

- 20 -

**subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.**

**"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of**

- 21 -

**crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.**

**"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.**

**"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.**

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

**Lesser Included Offenses**

| ATTEMPTED SECOND DEGREE MURDER — 782.04(2) and 777.04 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~ Attempted manslaughter by act | | 782.07 and 777.04 | 6.6 |
| | Aggravated ~~assault~~ battery | ~~784.021~~ 784.045 | ~~8.2~~ 8.4 |
| | ~~Aggravated~~ Felony battery | ~~784.045~~ 784.041(1) | ~~8.4~~ 8.5 |
| | Aggravated Assault | ~~784.011~~ 784.021 | ~~8.1~~ 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comment**

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

This instruction was adopted in 1994 and amended in 1997 [697 So. 2d 84] and 2014.

# 7.2 MURDER — FIRST DEGREE
§ 782.04(1)(a), Fla. Stat.

*When there will be instructions on both premeditated and felony murder, the following explanatory paragraph should be read to the jury.*
**There are two ways in which a person may be convicted of first degree murder. One is known as premeditated murder and the other is known as felony murder.**

**To prove the crime of First Degree Premeditated Murder, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Victim) **is dead.**

**2. The death was caused by the criminal act of** (defendant)**.**

**3. There was a premeditated killing of** (victim)**.**

*Definitions.*
**An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.**

**"Killing with premeditation" is killing after consciously deciding to do so. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.**

**The question of premeditation is a question of fact to be determined by you from the evidence. It will be sufficient proof of premeditation if the circumstances of the killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the killing.**

*Transferred intent. Give if applicable.*
**If a person has a premeditated design to kill one person and in attempting to kill that person actually kills another person, the killing is premeditated.**

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*

**An issue in this case is whether** (defendant) **did not act with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not act with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation:**

      a.  **there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and**

      b.  **a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and**

      c.  **there was not a reasonable amount of time for a reasonable person to cool off; and**

      d.  **a reasonable person would not have cooled off before committing the act that caused death; and**

      e.  **the** (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that caused the death of** (victim)**.**

**If you have a reasonable doubt about whether the defendant acted with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of First Degree Premeditated Murder.**

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
**If you find the defendant guilty of First Degree Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

- 25 -

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*

**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.**

**"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.**

**"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.**

**"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.**

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

**Lesser Included Offenses**

| FIRST DEGREE (PREMEDITATED) MURDER — 782.04(1)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Second degree (depraved mind) murder | | 782.04(2) | 7.4 |
| Manslaughter | | 782.07 | 7.7 |
| | Second degree (felony) murder | 782.04(3) | 7.5 |
| | Attempted felony murder | 782.051(1) | 6.3 |
| | Attempted premeditated murder | 782.04(1) | 6.2 |
| | Attempted second degree murder | 782.04(2) & 777.04 | 6.4 |
| | Attempted felony murder | 782.051(2) | 6.3 |
| | Third degree (felony) murder | 782.04(4) | 7.6 |
| | Vehicular homicide | 782.071 | 7.9 |
| | Attempted felony murder | 782.051(3) | 6.3(a) |
| | ~~Aggravated assault~~ | ~~784.021~~ | ~~8.2~~ |
| | Aggravated battery | 784.045 | 8.4 |
| | Attempted Manslaughter by Act | 782.07 & 777.04 | 6.6 |
| | Felony Battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | ~~Assault~~ | ~~784.011~~ | ~~8.1~~ |
| | Battery | 784.03 | 8.3 |
| | ~~Felony battery~~ | ~~784.041~~ | ~~8.5~~ |
| | Culpable negligence | 784.05(2) | 8.9 |
| | Culpable negligence | 784.05(1) | 8.9 |
| | Assault | 784.011 | 8.1 |
| | ~~Attempted second degree murder~~ | ~~782.04(2) & 777.04~~ | ~~6.4~~ |

| | Attempted voluntary ~~manslaughter~~ | ~~782.07 &~~ ~~777.04~~ | ~~6.6~~ |
|---|---|---|---|

**Comment**

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

This instruction was adopted in 1981 and was amended in October 1981, ~~and July 1997, and~~ 2008 [994 So. 2d 1038], and 2014.

# 7.4 MURDER — SECOND DEGREE
§ 782.04(2), Fla._Stat.

**To prove the crime of Second Degree Murder, the State must prove the following three elements beyond a reasonable doubt:**

1. (Victim) **is dead.**

2. **The death was caused by the criminal act of** (defendant)**.**

3. **There was an unlawful killing of** (victim) **by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.**

*Definitions.*
**An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.**

**An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:**

1. **a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and**
2. **is done from ill will, hatred, spite, or an evil intent, and**

3. **is of such a nature that the act itself indicates an indifference to human life.**

**In order to convict of Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.**

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*
**An issue in this case is whether** (defendant) **did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation:**

a. **there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and**

b. **a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and**

c. **there was not a reasonable amount of time for a reasonable person to cool off; and**

d. **a reasonable person would not have cooled off before committing the act that caused death; and**

e. **the** (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that caused the death of** (victim)**.**

**If you have a reasonable doubt about whether the defendant had a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of Second Degree Murder.**

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
**If you find the defendant guilty of Second Degree Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions. § 943.10, Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement**

**officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.**

**"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.**

**"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the**

**supervision, protection, care, custody, and control of inmates within a correctional institution.**

**"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.**

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

**Lesser Included Offenses**

| SECOND DEGREE (DEPRAVED MIND) MURDER — 782.04(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Manslaughter | | 782.07 | 7.7 |
| | Third degree (felony) murder | 782.04(4) | 7.6 |
| | Vehicular homicide | 782.071 | 7.9 |
| | (Nonhomicide lessers) Attempted Second Degree Murder | 777.04(1) | ~~5.1~~6.4 |
| | ~~Culpable negligence~~ Aggravated Battery | ~~784.05(2)~~ 784.045 | ~~8.9~~8.4 |
| | Attempted Manslaughter by Act | 782.07 and 777.04 | 6.6 |
| | ~~Culpable negligence~~ Felony battery | ~~784.05(1)~~ 784.041(1) | ~~8.9~~8.5 |
| | ~~Felony battery~~ Aggravated Assault | ~~784.041~~ 784.021 | ~~8.5~~8.2 |
| | ~~Aggravated battery~~ Battery | ~~784.045~~ 784.03 | ~~8.4~~8.3 |
| | ~~Aggravated assault~~ Culpable negligence | ~~784.021~~ 784.05(2) | ~~8.2~~8.9 |
| | ~~Battery~~ Culpable negligence | ~~784.03~~ 784.05(1) | ~~8.3~~8.9 |
| | Assault | 784.011 | 8.1 |

**Comment**

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

This instruction was adopted in 1981 and amended in 1997 [697 So. 2d 84], and 2008 [994 So. 2d 1038], and 2014.